# EXHIBIT 1

**CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS**

**STATE OF LOUISIANA**

NO. 2020 -10388                    DIVISION "B"                    SECTION: 5

**GORDON T. RICHARD, SR.**

**VERSUS**

**STATE OF LOUISIANA THROUGH THE BOARD OF SUPERVISORS OF THE LOUISIANA STATE UNIVERSITY AND AGRICULTURAL AND MECHANICAL COLLEGE THROUGH LOUISIANA STATE UNIVERSITY HEALTH SCIENCES CENTER, UNIVERSITY HOSPITAL AND TAYLOR-SEIDENBACH, INC.**

FILED: _____          _____

                                                                    **DEPUTY CLERK**

<u>**ORIGINAL PETITION FOR DAMAGES**</u>

NOW INTO COURT, by and through undersigned counsel, comes Petitioner, **GORDON T. RICHARD, SR.**, a person of the full age of majority who for a cause of action respectfully represents the following:

<u>**VENUE AND JURISDICTION**</u>

1.

The Court has jurisdiction over this matter because the alleged tortious conduct occurred within this Parish and State.

2.

Venue is proper in Orleans Parish because at least one defendant has its principal place of business in Orleans Parish and Gordon T. Richard, Sr. was exposed to asbestos dust in Orleans Parish.

<u>**PARTIES**</u>

3.

For all times pertinent, Petitioner, **GORDON T. RICHARD, SR.** (hereinafter occasionally referred to as "Mr. Richard"), is a person of the full age of majority and a resident of Pearl River County, Mississippi.

4.

Made Defendant, **STATE OF LOUISIANA THROUGH THE BOARD OF SUPERVISORS OF THE LOUISIANA STATE UNIVERSITY AND AGRICULTURAL AND MECHANICAL COLLEGE THROUGH LOUISIANA STATE UNIVERSITY HEALTH SCIENCES CENTER, UNIVERSITY HOSPITAL** as successor to **Charity**

1

**Hospital** (hereinafter "**Charity Hospital**") a board established by Article 8, Section 7 of the Louisiana Constitution granted with the authority and responsibility to "supervise and manage the institutions, statewide agricultural programs, and other programs administered through its system" which does business in the Parish of Orleans, State of Louisiana.

5.

Made Defendant, **TAYLOR-SEIDENBACH, INC.,** (hereinafter "**Taylor**"), a Louisiana based corporation licensed to and doing business in the Parish of Orleans, State of Louisiana.

## STATEMENT OF CLAIMS

6.

Mr. Richard was diagnosed with asbestosis on or around November 2016.

7.

Mr. Richard was diagnosed with lung cancer on or around October 2020.

8.

Mr. Richard worked installing, repairing, maintaining, and servicing industrial heating, ventilation, air conditioning, and refrigeration systems from 1965 through 1995.

9.

From approximately 1974-1979, Mr. Richard worked at Charity Hospital in New Orleans as an employee of Mechanical Contractors Company.

10.

Mr. Richard's work at Charity Hospital involved installing, repairing, maintaining, and servicing the HVAC systems.

11.

Mr. Richard's work at Charity Hospital also involved moving throughout the campus to perform his job duties.

12.

Additionally, Mr. Richard would occasionally lend a hand to other laborers working at Charity Hospital.

13.

When performing this work at Charity Hospital, Mr. Richard was often directly exposed to asbestos and in the immediate vicinity of others performing tasks installing, cutting, sawing, or otherwise manipulating friable asbestos-containing products.

2

## LIABILITY OF TAYLOR

### 14.

Taylor and/or its predecessors-in-interest during all the times mentioned herein and for a long time prior thereto, were engaged in the business of manufacturing, selling, marketing, distributing, and otherwise placing into the stream of commerce asbestos-containing products and/or products calling for the application and installation of asbestos thereon.

### 15.

Said products were expected to and did, in fact, reach the ultimate users, consumers, and third persons in substantially the same condition in which they were sold.

### 16.

The products of Taylor were defective and unreasonably dangerous in their design and marketing, which were substantial contributing causes of the injuries and damages claimed herein.

## BREACH OF IMPLIED AND EXPRESSED WARRANTIES

### 17.

Petitioner alleges Taylor negligently breached its warranties to him in the following respects:

a)   Taylor knew or in the exercise of reasonable care ought to have known that their products were defective, and that such products were not suitable for the purposes for which they were intended;

b)   Taylor should have tested their products, especially those containing asbestos, to ascertain the safe or dangerous nature of such products before offering them for sale, or in the alternative, should have removed such products from the market upon ascertaining that such products would cause asbestos-related diseases;

c)   Taylor should have devised a method of application for their products, especially those containing asbestos, that would have kept those using and/or working around such products from contracting asbestos-related diseases if Taylor would not remove such products from sale to the public; and

d)   That the products of Taylor were warranted, either expressly or impliedly, to be merchantable, when in truth they were not, and therefore, the Taylor breached, the warranty of merchantability.

### 18.

Taylor's breach of implied and expressed warranties resulted directly in and/or caused and contributed to Petitioner's injuries and the damages to Petitioner as set forth herein.

19.

Petitioner alleges that Taylor is strictly liable and/or negligent in its failure to warn in the following respects:

1. **Negligent Failure to Warn**

   Taylor knew or in the exercise of ordinary or reasonable care ought to have known that the asbestos products they manufactured, sold, packaged, supplied, marketed, delivered and distributed were deleterious, poisonous, and highly harmful to Petitioner's body, lungs, respiratory system, and health, notwithstanding which, Taylor negligently failed to take any reasonable precautions or exercise reasonable care to warn others and those who would come into contact with users, including Petitioner causing Petitioner's injuries, of the danger and harm to which he was exposed; and Taylor knew or in the exercise of ordinary care ought to have known that their asbestos was deleterious, poisonous, and highly harmful to the Petitioner's body, lungs, respiratory system, and health, notwithstanding which, Taylor failed and omitted to provide users and those who would ultimately come into to contact with users, including Petitioner, with the knowledge as to what would be reasonably safe and sufficient wearing apparel and proper protective equipment and appliances, if in truth there were any, to protect him from being poisoned and disabled as he was by exposure to such deleterious and harmful compound substances and other material contained in Taylor's products, causing him injuries.

2. **Strict Products Liability, Unreasonably Dangerous Due to Defective Design**

   Taylor packaged asbestos products in such a manner that in the ordinary handling of the packaging, persons such as petitioner who would ultimately come into to contact with users, came in contact with deleterious, poisonous and highly harmful asbestos dust and fiber causing him injuries; and; Taylor failed to design their packaging and products in such a manner so as to advise and warn foreseeable users, including those who came in contact with users, such as Petitioners, by placing warnings on its containers of said product and/or otherwise in a way, to advise the handlers, other users and bystanders of the dangers of exposure with said products, causing him injuries.

3. **Unreasonably Dangerous Per Se**

   Taylor's products were unreasonably dangerous per se.

20.

Petitioner's exposure to Taylor's unreasonably dangerous products was a reasonably anticipated and foreseeable event and was a substantial contributing cause of the injuries complained of herein.

21.

Taylor individually, sold, distributed, and supplied asbestos and asbestos-containing products, the dust from which Petitioner inhaled, causing his injuries.

22.

Taylor is liable to Petitioner as a professional vendor of asbestos and asbestos-containing products, and as such, because of the defendant's size, volume of business and merchandising practices, knew or should have known of the defects of the asbestos and asbestos-containing products they sold, and negligently failed to warn the users and those with whom users come into contact of potential health hazards from the use of said products. This failure to warn was a substantial contributing cause of Petitioner's cancer.

23.

Taylor individually, is liable to Petitioner because they knew or should have known that the asbestos and asbestos-containing products which they sold and supplied were unreasonably dangerous in their normal use, and their failure to communicate said information to their users and those with whom they come into contact rendered them negligent, with respect to Petitioner, and such negligence was a substantial contributing cause of Petitioner's cancer.

## CHARITY HOSPITAL: STRICT LIABILITY AND NEGLIGENCE

24.

Mr. Richard was exposed to asbestos and asbestos-containing materials while working at the jobsites identified herein. Charity Hospital at all times relevant to this petition, has been either the operator and /or the manager and/or the owner and occupiers of its respective facilities and in custody of the facilities during the relevant time period. The facilities were defective in that the asbestos and asbestos-containing materials in that facilities created an unreasonable risk of harm to Mr. Richard and other persons on the premises. Mr. Richard was exposed to asbestos and asbestos-containing materials while he was an invitee at Charity Hospital's facilities. The defective condition of the facilities was a proximate cause of Mr. Richard contracting cancer. Therefore, Charity Hospital is strictly liable for Mr. Richard's injuries.

25.

At all times pertinent during the normal course and scope of his employment at Charity Hospital's facilities, Petitioner was exposed to hazardous levels of asbestos dust and/or fiber which caused or substantially contributed to his development of lung cancer and other asbestos-related diseases.

26.

For all times pertinent, and certainly by 1972 with the formulation of OSHA, Charity Hospital knew or should have known of the dangerous conditions created by exposure to asbestos and other toxic substances. For all times pertinent, Charity Hospital knew, or should have known, that Petitioner's exposure to asbestos at its facilities represented a dangerous working condition and that such exposure would cause substantial and deadly harm to Petitioner.

27.

For all times pertinent, Charity Hospital had care, custody, control and garde of asbestos-containing materials and had the duty to protect the workers in their facilities against exposure to asbestos and to ensure their safety.

28.

Charity Hospital is also liable to Petitioner because they failed to survey, study, test, abate and remediate the friable asbestos in their facilities. When such abatement did finally take place, Charity Hospital negligently surveyed the friable asbestos in their facilities and/or negligently hired or supervised third parties to survey, study, test, abate and remediate friable asbestos in their facilities. At all times pertinent, Mr. Richard performed work in the immediate vicinity of others under the custody or control of Charity Hospital who were negligently performing construction, installation of asbestos products, or abatement work with asbestos-containing materials in their facilities.

29.

As a result of its failure to survey, study, test, abate and remediate the friable asbestos in its facility and/or its negligent survey of the friable asbestos in its facility, friable asbestos fibers were released into the air and environment in which Mr. Richard worked, causing him to be exposed to dangerous and toxic levels of asbestos dust, fibers and debris. Charity Hospital failed to maintain proper work sites clear of hazardous materials, leading to Petitioner's exposure to asbestos and subsequent development of lung cancer and other asbestos-related illnesses.

30.

Charity Hospital failed to inform workers in their facilities and/or willfully withheld from workers in their facilities, including Mr. Richard, of the dangers to the health of persons exposed to asbestos dust.

31.

Charity Hospital had a responsibility to workers in their facilities to provide proper safety equipment, adequate engineering controls, housekeeping, hygiene and other precautions to ensure that workers in their facilities would not be exposed to asbestos. In addition, Charity Hospital had a duty to safely conduct and/or safely supervise any asbestos abatement work and ensure that no asbestos dust or debris would enter Mr. Richard's immediate workspace or within his vicinity. However, Charity Hospital negligently and/or intentionally failed to carry out these duties and failed to protect workers in their facilities, including Mr. Richard, from the dangers of asbestos dust exposure.

32.

In addition to the foregoing acts of negligence, Charity Hospital was and is at fault for:

a) Failing to provide necessary protection to Mr. Richard;

b) Failing to provide clean, respirable air and proper ventilation;

c) Failing to provide necessary changing areas, showers and special clothing;

d) Failing to comply with all state and federal regulations concerning asbestos dust;

e) Failing to abate, remove and/or contain all asbestos in its facility pursuant to federal and state regulations and/or to ensure the safety and health of the workers in its facility;

f) Failing to reveal and/or knowingly concealing the inherent dangers of asbestos-containing materials;

g) Failing to survey, study, inspect, test, abate and remediate asbestos in its facility;

h) Failing to exercise reasonable care to ensure Mr. Richard, and his person and clothing would not become contaminated with asbestos dust;

i) Failing to maintain a proper worksite clear of hazardous materials;

j) Failing to provide clean air and proper ventilation;

k) Failing to control the emission of hazardous levels of toxic materials including asbestos-containing dust into the ambient atmosphere and contaminating the areas wherein workers in its facility, including Mr. Richard, performed worked;

l) Failing to exercise ordinary care to warn Mr. Richard, of the danger and harm to which exposure to asbestos could cause to him and his household;

m) Failing to exercise ordinary care to warn Mr. Richard, that asbestos is one of the most poisonous and highly harmful substances to the human body, lungs, respiratory system, skin and health, notwithstanding which Defendant negligently failed to take reasonable precautions or exercise reasonable care to place in the workplace and the areas surrounding its facility warnings attendant to the health hazards of asbestos;

n)   Failing to exercise ordinary care to: instruct the workers in its facility in the proper handling of asbestos products and materials; take any reasonable precautions or exercise any reasonable care to protect Mr. Richard, or workers in their facilities from harm; adopt and enforce a reasonable safe plan and method of handling said asbestos;

o)   Failing to reveal and knowingly concealing the inherent dangers in using asbestos-containing equipment and products;

p)   Failing to ensure that workers in its facility, including Mr. Richard, were not exposed to asbestos fibers and dusts emanating from the asbestos abatement which asbestos abatement contractor defendants performed;

q)   Failing to warn contractors and other employees, including Mr. Richard, of the risks associated with direct and bystander exposure to asbestos; and

r)   Failing to ensure that asbestos material in their care, custody control and garde did not expose and injure innocent offsite bystanders.

Charity Hospital committed these negligent acts knowing that Mr. Richard would be contaminated, and injuries would follow or were substantially certain to follow. Charity Hospital's wanton and reckless conduct in the storage, handling and transportation of asbestos endangered Mr. Richard, causing his development of cancer and other asbestos-related illnesses.

33.

For all times pertinent, Petitioner, Mr. Richard, was exposed to and was injured by asbestos-containing materials originating from and in the care, custody, control and garde of the Charity Hospital.

34.

For all times pertinent, Petitioner, Mr. Richard, suffered injury from each exposure to asbestos in the care, custody, control and garde of Charity Hospital, and the combined result of which was the development of asbestos-related diseases including cancer.

35.

Charity Hospital is liable unto Mr. Richard for its failure to exercise reasonable care to protect Mr. Richard from the foreseeable dangers associated with exposure to asbestos. Charity Hospital, as the premises operator and/or manger and/or owner and occupier, and/or custodian, had a non-delegable duty to keep the premises safe for invitees. Charity Hospital knew or should have known of the unreasonable risk of harm inherent in exposure to asbestos and asbestos-containing materials but failed to protect Mr. Richard from said risk of harm. Charity Hospital's failure to protect Mr. Richard from known and/or foreseeable dangers constitutes negligence. This negligence was a proximate cause of Mr. Richard contracting lung cancer.

36.

Charity Hospital is strictly liable to Petitioner pursuant to Louisiana Civil Code Article 2317.

**DAMAGES**

37.

As a proximate result of Defendants' actions, inactions, liability and fault, Petitioner, Mr. Richard, incurred and continues to incur medical expenses due to the need to hire, consult and retain physicians to attempt to treat his lung cancer and other asbestos-related conditions, the amount of which cannot be set forth at this time with accuracy, and she will require further medical treatment in the future thereby incurring expenses which cannot be set forth at this time.

38.

Each and every defendant is liable to pay punitive damages to Mr. Richard for ignoring and failing to comply with applicable health and safety regulations of the State of Louisiana and the United States Government for their wanton and reckless conduct in the storage, handling and transportation of asbestos, which caused and/or substantially contributed to Petitioner's development of lung cancer and other asbestos-related illnesses and conditions.

39.

Further, as a result of the actions of the defendants, Mr. Richard has been damaged and is entitled to and seeks all additional damages reasonable in the premises as follows:

a)     all past, present and future medical costs and expenses related thereto;

b)     all past, present and future mental suffering, anguish and pain of Mr. Richard;

c)     all past, present and future physical pain and suffering of Mr. Richard;

d)     all past, present and future physical impairment and disability suffered by Mr. Richard;

e)     all past, present and future disfigurement suffered by Mr. Richard;

f)     loss of quality of life of Mr. Richard;

g)     loss of consortium, love, affection, services and society;

h)     all past, present and future inconvenience and aggravation;

i)      all past, present, and future loss of enjoyment of life of Mr. Richard; and

j)      all other forms of relief provided by law or equity together with interest from the

date of judicial demand until paid, and all costs of these proceedings.

<u>PRAYER FOR RELIEF</u>

**WHEREFORE**, petitioner, GORDON T. RICHARD, SR., prays the defendants be cited

and served with the petition and citation, and after due proceedings are had, there be judgment

against these defendants severally, jointly and *in solido*, in a full and true sum calculated to

compensate GORDON T. RICHARD, SR. for the damages complained of herein, along with legal

interest from the date of judicial demand until paid, for all costs of these proceedings, and for all

other general and equitable relief.

Respectfully submitted,

**MARTZELL, BICKFORD, & CENTOLA**
**SCOTT R. BICKFORD, (#1165)**
**LAWRENCE J. CENTOLA, III (#27402)**
**NEIL F. NAZARETH (#28969)**
**SPENCER DOODY (#27795)**
**JASON Z. LANDRY (#33932)**
338 Lafayette Street
New Orleans, Louisiana 70130
Telephone:    (504) 581-9065
Fax:          (504) 581-7635

and

LILLIS LAW FIRM

_____
Michael E. Lillis, BAR NO. 33245
338 Lafayette Street
New Orleans, Louisiana 70130
Telephone:    (504) 581-9065
Facsimile:    (504) 581-7635
**COUNSEL FOR PETITIONER,**
**GORDON T. RICHARD, SR.**

SERVICE INSTRUCTIONS ON THE FOLLOWING PAGE

PLEASE SERVE:

**STATE OF LOUISIANA THROUGH THE BOARD OF SUPERVISORS OF THE LOUISIANA STATE UNIVERSITY AND AGRICULTURAL AND MECHANICAL COLLEGE THROUGH LOUISIANA STATE UNIVERSITY HEALTH SCIENCES CENTER, UNIVERSITY HOSPITAL**
*through Louisiana Attorney General, Jeff Landry*
Louisiana Department of Justice, Litigation Division
1885 North Third Street
Baton Rouge, LA 70802

**STATE OF LOUISIANA THROUGH THE BOARD OF SUPERVISORS OF THE LOUISIANA STATE UNIVERSITY AND AGRICULTURAL AND MECHANICAL COLLEGE THROUGH LOUISIANA STATE UNIVERSITY HEALTH SCIENCES CENTER, UNIVERSITY HOSPITAL**
*through Office of Risk Management*
Melissa Harris, Director of Louisiana Office of Risk Management
1201 N. Third Street, Suite G-192
Baton Rouge, LA 70802

**STATE OF LOUISIANA THROUGH THE BOARD OF SUPERVISORS OF THE LOUISIANA STATE UNIVERSITY AND AGRICULTURAL AND MECHANICAL COLLEGE THROUGH LOUISIANA STATE UNIVERSITY HEALTH SCIENCES CENTER, UNIVERSITY HOSPITAL**
*through Chair of the LSU Board of Supervisors*
Robert Dampf
536 LSU Ave.
Baton Rouge, LA 70808

**TAYLOR-SEIDENBACH, INC.**
*through its registered agent for service of process*
Robert I. Shepard
731 South Scott Street
New Orleans, LA 70119