UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ALICE RICHARD, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-2404-WBV-MBN** |
| **LOUISIANA STATE, ET AL.** | **SECTION: D (5)** |

### ORDER and REASONS

Before the Court is a Motion to Vacate Entry of Default Against MCC Group, LLC, filed by defendant, MCC Group, LLC.[1] Local Rule 7.5 of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed eight days prior to the noticed submission date. The Motion to Vacate had a submission date of June 28, 2022.[2] As of the date of this Order, no memorandum in opposition has been submitted.

According to the Fifth Circuit, Fed. R. Civ. P. 55(c) and 60(b) allow a district court to set aside an entry of default or default judgment for "good cause."[3] Although default judgments are "generally disfavored in the law,"[4] that policy is "counterbalanced by considerations of social goals, justice and expediency, a weighing process [that] lies largely within the domain of the trial judge's discretion."[5] To determine whether good cause exists to set aside a default, courts consider the

---

[1] R. Doc. 37.
[2] *Id.*
[3] *Lacy v. Sitel Corp.*, 227 F.3d 290, 291-92 (5th Cir. 2000).
[4] *Id.* at 292 (quotation omitted).
[5] *In re Chinese Manufactured Drywall Products Liability Litigation*, 742 F.3d 576, 594 (5th Cir. 2014) (quoting *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999)) (quotation marks omitted).

following three factors: (1) whether the default was willful; (2) whether setting aside the default judgment would prejudice plaintiffs; and (3) whether a meritorious defense is presented.[6] Courts can also consider other factors, including whether the defendant acted expeditiously to correct the default.[7]

After careful review of the Motion to Vacate,[8] the Memorandum in Support,[9] the Unsworn Declaration of Joseph A. Jaeger, Jr. submitted by MCC Group, LLC,[10] the Louisiana Secretary of State records submitted by MCC Group, LLC,[11] the record, and the applicable law, the Court finds that good cause exists to vacate the default entered by the Clerk of Court on May 19, 2022[12] based upon Plaintiffs' failure to properly serve MCC Group, LLC.  The Court specifically finds that MCC Group, LLC has shown that its default was not willful, that setting aside the entry of default will not prejudice Plaintiffs, that MCC Group, LLC intends to file responsive pleadings and assert affirmative defenses raised by other defendants in this case, that MCC Group, LLC acted expeditiously to correct the default, and, importantly, that MCC Group, LLC was not properly served in this matter.

---

[6] *Lacy*, 227 F.3d at 292 (quotation and quotation marks omitted).  *See*, *Chinese Drywall*, 742 F.3d 576, 594 (5th Cir. 2014) (citing *Lacy*, 227 F.3d at 292) ("To determine whether or not good cause is present, we consider three factors: (1) whether the default was willful; (2) whether setting aside the default judgment would prejudice Plaintiffs; and (3) whether TG presented a meritorious defense.").
[7] *Chinese Drywall*, 742 F.2d at 594 (citing *Lacy*, 227 F.3d at 292).
[8] R. Doc. 37.
[9] R. Doc. 37-3.
[10] R. Doc. 37-1.
[11] R. Doc. 37-2.
[12] R. Doc. 35.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Vacate[13] is **GRANTED** and the Clerk of Court's Entry of Default[14] is **SET ASIDE.**

**IT IS FURTHER ORDERED** that MCC Group, LLC is granted **fourteen (14) days** from the date of this Order to file responsive pleadings in this matter.

New Orleans, Louisiana, July 18, 2022.

*Wendy B. Vitter*
**WENDY B. VITTER**
**United States District Judge**

---

[13] R. Doc. 37.
[14] R. Doc. 35.