## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**ALICE RICHARD, et al**                      CIVIL ACTION NO. 2:21-cv-02404
    **(GORDON T. RICHARD, deceased)**    SECTION "D" (5)
       *Plaintiff*

                                     **JUDGE WENDY B. VITTER**

**v.**
                                     **MAG. JUDGE MICHAEL B.**

**STATE OF LOUISIANA THROUGH THE**    **NORTH**
**BOARD OF SUPERVISORS OF THE**
**LOUISIANA STATE UNIVERSITY, et al.**
       *Defendants*

### SECOND AMENDED COMPLAINT FOR DAMAGES

**NOW INTO COURT**, by and through undersigned counsel, come Plaintiffs, **ALICE RICHARD, TERRIE-LYNNE M. LARSEN,** and **GORDON "TOMMY" RICHARD, JR.**, individually and as proper parties-in-interest for **GORDON T. RICHARD, SR. (deceased)**, all persons of the full age of majority who for a cause of action respectfully represent the following:

### VENUE AND JURISDICTION

1.

The Court has jurisdiction over this matter because the alleged tortious conduct occurred within this Parish and State.

2.

Venue is proper in Orleans Parish because at least one defendant has its principal place of business in Orleans Parish and Gordon T. Richard, Sr. was exposed to asbestos dust in Orleans Parish.

## PARTIES

3.

**GORDON T. RICHARD, SR.** (hereinafter occasionally referred to as "Mr. Richard") died on December 15, 2020 of lung cancer.

3(a).

Plaintiff **ALICE RICHARD** is a person of the full age of majority domiciled in Jefferson Parish, Louisiana and is the surviving spouse of Mr. Richard.

3(b).

Plaintiff **TERRIE-LYNNE M. LARSEN** is a person of the full age of majority domiciled in Yolo County, California and is the natural daughter of Mr. Richard.

3(c).

Plaintiff **GORDON "TOMMY" RICHARD, JR.** is a person of the full age of majority domiciled in Pearl River County, Mississippi and is the natural son of Mr. Richard.

4.

Defendant, **STATE OF LOUISIANA THROUGH THE BOARD OF SUPERVISORS OF THE LOUISIANA STATE UNIVERSITY AND AGRICULTURAL AND MECHANICAL COLLEGE THROUGH LOUISIANA STATE UNIVERSITY HEALTH SCIENCES CENTER, UNIVERSITY HOSPITAL** as successor to **Charity Hospital** (hereinafter "**Charity Hospital**") a board established by Article 8, Section 7 of the Louisiana Constitution granted with the authority and responsibility to "supervise and manage the institutions, statewide agricultural programs, and other programs administered through its system" which does business in the Parish of Orleans, State of Louisiana.

5.

Defendant, **TAYLOR-SEIDENBACH, INC.,** (hereinafter "**Taylor**" and **"Supplier Defendant"**), a Louisiana based corporation licensed to and doing business in the Parish of Orleans, State of Louisiana.

5(a).

Defendant, **THE MCC GROUP, LLC** (hereinafter "**MCC**" and "**Employer Defendant**"), a Louisiana based limited liability company licensed to and doing business in the Parish of Orleans, State of Louisiana.

5(b).

Defendant, **RUST ENGINEERING & CONSTRUCTION, INC.,** f/k/a Mason Rust, (hereinafter "**Rust**" and "**Employer Defendant**" and **"Premises Contractor Defendant"**), a foreign corporation licensed to do business and/or doing business in the State of Louisiana.

5(c).

Made defendant is **THE TRAVELERS INDEMNITY COMPANY** ("Travelers").

5(d).

For all pertinent times, Travelers issued policies of insurance to MCC, and/or its predecessor entities which covered the acts and omissions of MCC and/or its predecessor entities as alleged in the Original Complaint and is liable to Plaintiffs for the damages resulting therefrom pursuant to the Louisiana Direct Action Statute.

## STATEMENT OF CLAIMS

6.

Mr. Richard was diagnosed with asbestosis on or around November 2016.

7.

Mr. Richard was diagnosed with lung cancer on or around October 2020.

7(a).

Mr. Richard passed away from lung cancer on December 15, 2020.

8.

Mr. Richard worked installing, repairing, maintaining, and servicing industrial heating, ventilation, air conditioning, and refrigeration systems from 1965 through 1995.

9.

From approximately 1974-1979, Mr. Richard worked at Charity Hospital in New Orleans as an employee of MCC.

10.

Mr. Richard's work at Charity Hospital involved installing, repairing, maintaining, and servicing the HVAC systems.

11.

Mr. Richard's work at Charity Hospital also involved moving throughout the campus to perform his job duties.

12.

Additionally, Mr. Richard would occasionally lend a hand to other laborers working at Charity Hospital.

13.

When performing this work at Charity Hospital, Mr. Richard was often directly exposed to asbestos and in the immediate vicinity of others performing tasks installing, cutting, sawing, or otherwise manipulating friable asbestos-containing products.

13(a).

From approximately 1965-1974, Mr. Richard worked at Michoud in New Orleans as an employee of Rust.

13(b).

Mr. Richard worked as an air conditioning specialist at Michoud for Rust.

13(c).

When performing this work at Michoud for Rust, Mr. Richard was often directly exposed to asbestos and in the immediate vicinity of others performing tasks installing, cutting, sawing, or otherwise manipulating friable asbestos-containing products.

## LIABILITY OF TAYLOR

14.

Taylor and/or its predecessors-in-interest during all the times mentioned herein and for a long time prior thereto, were engaged in the business of manufacturing, selling, marketing, distributing, and otherwise placing into the stream of commerce asbestos-containing products and/or products calling for the application and installation of asbestos thereon.

15.

Said products were expected to and did, in fact, reach the ultimate users, consumers, and third persons in substantially the same condition in which they were sold.

16.

The products of Taylor were defective and unreasonably dangerous in their design and marketing, which were substantial contributing causes of the injuries and damages claimed herein.

## BREACH OF IMPLIED AND EXPRESSED WARRANTIES

17.

Plaintiffs allege Taylor negligently breached its warranties to them in the following respects:

a)      Taylor knew or in the exercise of reasonable care ought to have known that their products were defective, and that such products were not suitable for the purposes for which they were intended;

b)      Taylor should have tested their products, especially those containing asbestos, to ascertain the safe or dangerous nature of such products before offering them for sale, or in the alternative, should have removed such products from the market upon ascertaining that such products would cause asbestos-related diseases;

c)      Taylor should have devised a method of application for their products, especially those containing asbestos, that would have kept those using and/or working around such products from contracting asbestos-related diseases if Taylor would not remove such products from sale to the public; and

d)      That the products of Taylor were warranted, either expressly or impliedly, to be merchantable, when in truth they were not, and therefore, the Taylor breached, the warranty of merchantability.

18.

Taylor's breach of implied and expressed warranties resulted directly in and/or caused and contributed to Mr. Richard's injuries/death and the damages to Plaintiffs as set forth herein.

19.

Plaintiffs allege that Taylor is strictly liable and/or negligent in its failure to warn in the following respects:

1.      **Negligent Failure to Warn**

Taylor knew or in the exercise of ordinary or reasonable care ought to have known that the asbestos products they manufactured, sold, packaged, supplied, marketed, delivered and distributed were deleterious, poisonous, and highly harmful to Mr. Richard's body, lungs, respiratory system, and health, notwithstanding which, Taylor negligently failed to take any

reasonable precautions or exercise reasonable care to warn others and those who would come into contact with users, including Mr. Richard causing Mr. Richard's injuries, of the danger and harm to which he was exposed; and Taylor knew or in the exercise of ordinary care ought to have known that their asbestos was deleterious, poisonous, and highly harmful to the Mr. Richard's body, lungs, respiratory system, and health, notwithstanding which, Taylor failed and omitted to provide users and those who would ultimately come into to contact with users, including Mr. Richard, with the knowledge as to what would be reasonably safe and sufficient wearing apparel and proper protective equipment and appliances, if in truth there were any, to protect him from being poisoned and disabled as he was by exposure to such deleterious and harmful compound substances and other material contained in Taylor's products, causing him injuries.

2. **Strict Products Liability, Unreasonably Dangerous Due to Defective Design**

Taylor packaged asbestos products in such a manner that in the ordinary handling of the packaging, persons such as petitioner who would ultimately come into to contact with users, came in contact with deleterious, poisonous and highly harmful asbestos dust and fiber causing him injuries; and; Taylor failed to design their packaging and products in such a manner so as to advise and warn foreseeable users, including those who came in contact with users, such as Petitioners, by placing warnings on its containers of said product and/or otherwise in a way, to advise the handlers, other users and bystanders of the dangers of exposure with said products, causing him injuries.

3. **Unreasonably Dangerous <u>Per</u> <u>Se</u>**

Taylor's products were unreasonably dangerous <u>per se.</u>

20.

Petitioner's exposure to Taylor's unreasonably dangerous products was a reasonably anticipated and foreseeable event and was a substantial contributing cause of the injuries complained of herein.

21.

Taylor individually, sold, distributed, and supplied asbestos and asbestos-containing products, the dust from which Mr. Richard inhaled, causing his injuries and death.

22.

Taylor is liable to Plaintiffs as a professional vendor of asbestos and asbestos-containing products, and as such, because of the defendant's size, volume of business and merchandising practices, knew or should have known of the defects of the asbestos and asbestos-containing products they sold, and negligently failed to warn the users and those with whom users come into contact of potential health hazards from the use of said products. This failure to warn was a substantial contributing cause of Mr. Richard's cancer and death.

23.

Taylor individually, is liable to Plaintiffs because they knew or should have known that the asbestos and asbestos-containing products which they sold and supplied were unreasonably dangerous in their normal use, and their failure to communicate said information to their users and those with whom they come into contact rendered them negligent, with respect to Plaintiffs, and such negligence was a substantial contributing cause of Mr. Richard's cancer and death.

**PREMISES DEFENDANTS: STRICT LIABILITY AND NEGLIGENCE**

24.

Mr. Richard was exposed to asbestos and asbestos-containing materials while working at the jobsites identified herein. Charity Hospital at all times relevant to this petition, has been either the operator and /or the manager and/or the owner and occupiers of its respective facilities and in custody of the facilities during the relevant time period. The facilities were defective in that the asbestos and asbestos-containing materials in that facilities created an unreasonable risk of harm to Mr. Richard and other persons on the premises. Mr. Richard was exposed to asbestos and asbestos-containing materials while he was an invitee at Charity Hospital's facilities. The defective

condition of the facilities was a proximate cause of Mr. Richard contracting cancer. Therefore, Charity Hospital is strictly liable for Mr. Richard's injuries.

25.

At all times pertinent during the normal course and scope of his employment at Charity Hospital's facilities, Mr. Richard was exposed to hazardous levels of asbestos dust and/or fiber which caused or substantially contributed to his development of lung cancer and other asbestos-related diseases.

26.

For all times pertinent, and certainly by 1972 with the formulation of OSHA, Charity Hospital knew or should have known of the dangerous conditions created by exposure to asbestos and other toxic substances. For all times pertinent, Charity Hospital knew, or should have known, that Mr. Richard's exposure to asbestos at its facilities represented a dangerous working condition and that such exposure would cause substantial and deadly harm to Mr. Richard.

27.

For all times pertinent, Charity Hospital had care, custody, control and garde of asbestos-containing materials and had the duty to protect the workers in their facilities against exposure to asbestos and to ensure their safety.

28.

Charity Hospital is also liable to Plaintiffs because they failed to survey, study, test, abate and remediate the friable asbestos in their facilities. When such abatement did finally take place, Charity Hospital negligently surveyed the friable asbestos in their facilities and/or negligently hired or supervised third parties to survey, study, test, abate and remediate friable asbestos in their facilities. At all times pertinent, Mr. Richard performed work in the immediate vicinity of others

under the custody or control of Charity Hospital who were negligently performing construction, installation of asbestos products, or abatement work with asbestos-containing materials in their facilities.

29.

As a result of its failure to survey, study, test, abate and remediate the friable asbestos in its facility and/or its negligent survey of the friable asbestos in its facility, friable asbestos fibers were released into the air and environment in which Mr. Richard worked, causing him to be exposed to dangerous and toxic levels of asbestos dust, fibers and debris.  Charity Hospital failed to maintain proper work sites clear of hazardous materials, leading to Mr. Richard's exposure to asbestos and subsequent development of lung cancer and other asbestos-related illnesses.

30.

Charity Hospital failed to inform workers in their facilities and/or willfully withheld from workers in their facilities, including Mr. Richard, of the dangers to the health of persons exposed to asbestos dust.

31.

Charity Hospital had a responsibility to workers in their facilities to provide proper safety equipment, adequate engineering controls, housekeeping, hygiene and other precautions to ensure that workers in their facilities would not be exposed to asbestos.  In addition, Charity Hospital had a duty to safely conduct and/or safely supervise any asbestos abatement work and ensure that no asbestos dust or debris would enter Mr. Richard's immediate workspace or within his vicinity. However, Charity Hospital negligently and/or intentionally failed to carry out these duties and failed to protect workers in their facilities, including Mr. Richard, from the dangers of asbestos dust exposure.

32.

In addition to the foregoing acts of negligence, Charity Hospital was and is at fault for:

a)    Failing to provide necessary protection to Mr. Richard;

b)    Failing to provide clean, respirable air and proper ventilation;

c)    Failing to provide necessary changing areas, showers and special clothing;

d)    Failing to comply with all state and federal regulations concerning asbestos dust;

e)    Failing to abate, remove and/or contain all asbestos in its facility pursuant to federal and state regulations and/or to ensure the safety and health of the workers in its facility;

f)    Failing to reveal and/or knowingly concealing the inherent dangers of asbestos-containing materials;

g)    Failing to survey, study, inspect, test, abate and remediate asbestos in its facility;

h)    Failing to exercise reasonable care to ensure Mr. Richard, and his person and clothing would not become contaminated with asbestos dust;

i)    Failing to maintain a proper worksite clear of hazardous materials;

j)    Failing to provide clean air and proper ventilation;

k)    Failing to control the emission of hazardous levels of toxic materials including asbestos-containing dust into the ambient atmosphere and contaminating the areas wherein workers in its facility, including Mr. Richard, performed worked;

l)    Failing to exercise ordinary care to warn Mr. Richard, of the danger and harm to which exposure to asbestos could cause to him and his household;

m)    Failing to exercise ordinary care to warn Mr. Richard, that asbestos is one of the most poisonous and highly harmful substances to the human body, lungs, respiratory system, skin and health, notwithstanding which Defendant negligently failed to take reasonable precautions or exercise reasonable care to place in the workplace and the areas surrounding its facility warnings attendant to the health hazards of asbestos;

n)    Failing to exercise ordinary care to: instruct the workers in its facility in the proper handling of asbestos products and materials; take any reasonable precautions or exercise any reasonable care to protect Mr. Richard, or workers in their facilities from harm; adopt and enforce a reasonable safe plan and method of handling said asbestos;

o)    Failing to reveal and knowingly concealing the inherent dangers in using asbestos-containing equipment and products;

p)    Failing to ensure that workers in its facility, including Mr. Richard, were not exposed to asbestos fibers and dusts emanating from the asbestos abatement which asbestos abatement contractor defendants performed;

q)    Failing to warn contractors and other employees, including Mr. Richard, of the risks associated with direct and bystander exposure to asbestos; and

r)    Failing to ensure that asbestos material in their care, custody control and garde did not expose and injure innocent offsite bystanders.

Charity Hospital committed these negligent acts knowing that Mr. Richard would be contaminated, and injuries would follow or were substantially certain to follow. Charity Hospital's wanton and reckless conduct in the storage, handling and transportation of asbestos endangered Mr. Richard, causing his development of cancer and other asbestos-related illnesses.

33.

For all times pertinent, Petitioner, Mr. Richard, was exposed to and was injured by asbestos-containing materials originating from and in the care, custody, control and garde of the Charity Hospital.

34.

For all times pertinent, Petitioner, Mr. Richard, suffered injury from each exposure to asbestos in the care, custody, control and garde of Charity Hospital, and the combined result of which was the development of asbestos-related diseases including cancer.

35.

Charity Hospital is liable unto Mr. Richard for its failure to exercise reasonable care to protect Mr. Richard from the foreseeable dangers associated with exposure to asbestos. Charity Hospital, as the premises operator and/or manger and/or owner and occupier, and/or custodian, had a non-delegable duty to keep the premises safe for invitees. Charity Hospital knew or should have known of the unreasonable risk of harm inherent in exposure to asbestos and asbestos-containing materials but failed to protect Mr. Richard from said risk of harm. Charity Hospital's failure to protect Mr. Richard from known and/or foreseeable dangers constitutes negligence. This negligence was a proximate cause of Mr. Richard contracting lung cancer.

36.

Charity Hospital is strictly liable to Petitioner pursuant to Louisiana Civil Code Article 2317.

## LIABILITY OF EMPLOYER DEFENDANTS

36(a).

**Rust** and **MCC** employed Mr. Richard as set forth above.

36(b).

During these time periods, while performing his job duties over the normal course and scope of his employment, Mr. Richard was exposed to hazardous levels of asbestos dust and/or fibers performing his air conditioning work and from being in the immediate vicinity of others performing tasks installing, cutting, and sawing friable asbestos-containing products.

36(c).

The failure of **Rust** and **MCC** to warn, provide, or take any precautions whatsoever constitutes negligence and is the legal cause of the injuries to Mr. Richard**.**

36(d).

**Rust** and **MCC** are liable and/or at fault for the injuries sustained by Mr. Richard**,** said acts of omission and/or commission including, but not limited to the following:

a)  Failing to provide necessary protection to Mr. Richard;

b)  Failing to warn or inform employees and persons, including Mr. Richard, regarding the health hazards involved in the inhalation of asbestos dust;

c)  Failing to instruct its employees in the proper handling of asbestos;

d)  Failing to adopt and enforce a reasonable safe plan and method of handling asbestos;

e)  Failing to instruct and/or inform Mr. Richard that he should wear the proper respiratory protective equipment when working, visiting or traveling through an environment contaminated by asbestos dust;

f)  Failing to make the proper respiratory protective equipment available for use when Mr. Richard was in an asbestos-contaminated work environment;

g)  Failing to implement the proper engineering controls, including providing adequate ventilation, to eliminate and/or reduce the hazards of exposure to asbestos particles;

h)  Failing to implement a proper safety program;

i)  Failing to train and instruct employees, including Mr. Richard regarding the purpose, use and limitations of the respiratory protective equipment;

j)  Failing to monitor and/or evaluate the dust levels on premises to which Mr. Richard was assigned to ensure that Mr. Richard was not exposed to dangerous levels of respirable asbestos dust;

k)  Failing to comply with the statutory requirements set forth in Walsh Healey Act;

l)      Failing to provide clean, respirable air and proper ventilation to its employees;

m)     Failing to provide necessary changing areas, showers and special clothing to its employees so that its employees cleaned off and removed all asbestos dust and fibers from their person and clothing prior to returning home;

n)      Failing to comply with all state and federal regulations concerning asbestos dust;

o)      Failing to reveal and/or knowingly concealing the inherent dangers of asbestos-containing materials;

p)      Failing to survey, study, inspect, test, abate and remediate asbestos in the facilities in which its employees worked;

q)      Failing to exercise reasonable care to ensure Mr. Richard and his person and clothing would not become contaminated with asbestos dust;

r)      Failing to assign Mr. Richard proper worksites reasonably safe for employees;

s)      Failing to exercise ordinary care to warn Mr. Richard, of the danger and harm to which exposure to asbestos could cause to his person and household;

t)      Failing to exercise ordinary care to warn Mr. Richard, that asbestos is one of the most poisonous and highly harmful substances to the human body, lungs, respiratory system, skin and health, notwithstanding which Defendants negligently failed to take reasonable precautions or exercise reasonable care to place in the workplaces of Mr. Richard and the areas surrounding the facility warnings attendant to the health hazards of asbestos; and

u)  Failing to reveal and knowingly concealing the inherent dangers in using asbestos-containing equipment and products.

## **RUST: LIABILITY OF PREMISES CONTRACTOR DEFENDANT**

36(e).

Rust was responsible for the facility repairs and maintenance at the Michoud premises where Mr. Richard, in the normal course and scope of his employment, was exposed to airborne, friable asbestos fibers.

36(f).

Rust was, or should have been aware, of the dangerous condition presented by exposure to asbestos, but failed to warn Mr. Richard of the dangers of working with asbestos.

36(g).

Rust negligently failed to protect Mr. Richard from asbestos exposure by failing to provide him with a safe work environment and failing to take the necessary precautions.  The foregoing acts of negligence resulted in Plaintiffs' injuries.

36(i).

As both an employer and premises contractor, Rust knew or should have known that exposing Mr. Richard, and those similarly situated, to asbestos would cause injury.

36(j).

Despite that knowledge Rust did not provide proper instructions, procedures, and warnings to Mr. Richard.  Thus, Rust is liable pursuant to Louisiana Civil Code article 2315.

36(k).

In addition to the foregoing acts of negligence, intentional concealment and fraud, Rust was and is liable for the following:

a)    Failing to reveal and knowingly concealing the inherent dangers of asbestos-containing materials;

b)    Failing to ensure that workers at Michoud, including Mr. Richard, were not exposed to asbestos fibers and dusts;

c)    Failing to warn of the risks associated with exposure to asbestos;

d)    Failing to survey, study, inspect and remediate the friable asbestos at Michoud;

e)    Failing to exercise reasonable care to protect Mr. Richard from exposure to asbestos dust;

f)    Failing to maintain a proper work site clear of hazardous materials;

g)    Failing to provide clean, respirable air and proper ventilation;

h)    Failing to warn workers at Michoud, including Mr. Richard, of the risks associated with direct and bystander exposure to asbestos;

i)    Failing to control the emission of hazardous levels of toxic materials including asbestos-containing dust into the ambient atmosphere and contaminating the areas wherein workers at Michoud, including Mr. Richard, performed work;

j)    Rust knew, or in the exercise of ordinary care, ought to have known, that being around friable asbestos was deleterious, poisonous, and highly harmful to individuals', including Mr. Richard, body, lungs, respiratory system, skin and health, notwithstanding which, Defendant negligently failed to take any reasonable care to warn Mr. Richard of the danger and harm to which he was exposed at Michoud;

k)    Rust knew, or in the exercise of ordinary care, ought to have known, that asbestos was one of the most poisonous and highly harmful substances to the human body,

lungs, respiratory system, skin and health, notwithstanding which Rust negligently failed to take reasonable precautions or exercise reasonable care to place in the workplace and the areas surrounding Michoud warnings attendant to the health hazards of asbestos;

l)      Rust knew, or in the exercise of ordinary care, ought to have known that asbestos is deleterious and highly harmful to the body, lungs, respiratory system, skin and health of individuals, including their employees, yet, Rust negligently failed to take reasonable care to warn workers at Michoud, including Mr. Richard, of said danger; instruct their employees in the proper handling of said asbestos; take any reasonable precautions or exercise any reasonable care to protect Mr. Richard or workers at Michoud from harm; and negligently failed to adopt and enforce a reasonable safe plan and method of handling said asbestos;

m)      Failing to reveal and knowingly concealing the inherent dangers in using asbestos-containing equipment and products; and

n)      Failing to ensure that workers at Michoud, including Mr. Richard, were not exposed to asbestos fibers and dusts emanating from the asbestos abatement which asbestos abatement contractor defendants performed.

36(l).

Plaintiffs disclaim any cause of action or recovery for any injuries resulting from any exposure to asbestos dust caused by any acts or omissions of a party committed at the direction of an officer of the United States Government.

36(m).

## THE LIABILITY OF THE INSURANCE DEFENDANTS

Insurance Defendants are liable to Plaintiffs for the acts, omissions, offenses, and quasi offense of its insured(s) pursuant to the Louisiana Direct Action Status, Louisiana Revised Statue 22:655.

## DAMAGES

37.

As a proximate result of Defendants' actions, inactions, liability and fault, Mr. Richard, incurred medical expenses due to the need to hire, consult and retain physicians to attempt to treat his lung cancer and other asbestos-related conditions, the amount of which cannot be set forth at this time with accuracy, and funeral costs after his death.

38.

Each and every defendant is liable to pay punitive damages to Mr. Richard for ignoring and failing to comply with applicable health and safety regulations of the State of Louisiana and the United States Government for their wanton and reckless conduct in the storage, handling and transportation of asbestos, which caused and/or substantially contributed to Mr. Richard's development of lung cancer.

39.

Further, as a result of the actions of the defendants, Mr. Richard passed away due to lung cancer.

39(a).

Specifically, on December 15, 2020, Mr. Richard died as a result of lung cancer.

39(b).

Plaintiffs, **ALICE RICHARD, TERRIE-LYNNE M. LARSEN,** and **GORDON "TOMMY" RICHARD, JR.**, individually and as proper parties-in-interest for **GORDON T. RICHARD, SR.**, bring this survival action pursuant to Article 2315.1 for the damages suffered by **GORDON T. RICHARD, SR.**, including **GORDON T. RICHARD, SR.**'s loss of enjoyment of life, and for all damages outlined in this First Amended Petition for Damages.

39(c).

Plaintiffs, **ALICE RICHARD, TERRIE-LYNNE M. LARSEN,** and **GORDON "TOMMY" RICHARD, JR.**, individually and as proper parties-in-interest for **GORDON T. RICHARD, SR.**, bring their wrongful death actions pursuant to Article 2315.2 for the damages which they have suffered and continue to suffer as a result of the death of **GORDON T. RICHARD, SR.**, at the hands of the defendants, including but not limited to, loss of consortium, loss of society and loss of services, benefits and support.

40.

Plaintiffs demand a trial by jury on all triable issues.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, Plaintiffs, **ALICE RICHARD, TERRIE-LYNNE M. LARSEN,** and **GORDON "TOMMY" RICHARD, JR.**, individually and as proper parties-in-interest for **GORDON T. RICHARD, SR.**, pray the defendants be cited and served with the first amended petition and citation, and after due proceedings are had, there be judgment against these defendants severally, jointly and *in solido*, in a full and true sum calculated to compensate Plaintiffs, **ALICE RICHARD, TERRIE-LYNNE M. LARSEN,** and **GORDON "TOMMY" RICHARD, JR.**, individually and as proper parties-in-interest for **GORDON T. RICHARD, SR**

for the damages complained of herein, along with legal interest from the date of judicial demand until paid, for all costs of these proceedings, and for all other general and equitable relief.

Respectfully submitted,

*Spencer R. Doody*

**MARTZELL, BICKFORD, & CENTOLA**
**SPENCER DOODY (#27795)**
**SCOTT R. BICKFORD (#1165)**
**LAWRENCE J. CENTOLA, III (#27402)**
**NEIL F. NAZARETH (#28969)**
**JASON Z. LANDRY (#33932)**
338 Lafayette Street
New Orleans, Louisiana 70130
Telephone:    (504) 581-9065
Fax:             (504) 581-7635

and

LILLIS LAW FIRM
Michael E. Lillis, BAR NO. 33245
338 Lafayette Street
New Orleans, Louisiana 70130
Telephone:    (504) 581-9065
Facsimile:     (504) 581-7635
**COUNSEL FOR PLAINTIFFS,**
**ALICE RICHARD, TERRIE-LYNNE M.**
**LARSEN, and GORDON "TOMMY"**
**RICHARD, JR.**

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record consent to and participate in receiving electronic notification from the CM/ECF system, and that the Clerk of the Court for the Eastern District of Louisiana, using the CM/ECF system, will electronically send notification of the filing of this pleading to all counsel of record on this 5th day of August, 2022.

*Spencer R. Doody*

**SERVICE WILL BE COMPLETED BY WAIVER IN COMPLIANCE WITH FEDERAL**
**RULES OF CIVIL PROCEDURE RULE 4(d)**

21